UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 2360 |
| v. ) | |
| ) | Judge John W. Darrah |
| JAMES MONROE CARTER, JR., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Alan Graham brought suit against Defendant James Carter, alleging breach of contract, fraud and related claims, arising out Plaintiff's purchase of an allegedly unairworthy aircraft from Defendant. Defendant, who is *pro se*, filed an answer, which the Court construed as a motion to dismiss for lack of jurisdiction or, in the alternative, to transfer venue. Plaintiff filed a response; Defendant was afforded twenty-one days to file a reply but chose not to do so.

### BACKGROUND

The following facts are taken from Plaintiff's Complaint. Plaintiff is now a resident of New Mexico but was, at the time of the events giving rise to this suit, a resident of Illinois. Defendant is a resident of Tennessee. On or about July 6, 2006, Plaintiff purchased from Defendant a 1979 Bellanca Super Viking aircraft (the "Aircraft"). Plaintiff flew the Aircraft once shortly after the purchase but discovered during the flight and through subsequent inspections that the Aircraft had defects and malfunctions rendering it unairworthy.

Plaintiff seeks to recover the following amounts in damages: $50,300.00 as the purchase price of the Aircraft; $4,556.64 for repairs Plaintiff was forced to make to the Aircraft; $1,916.35 for inspection and cataloging of the Aircraft's discrepancies; over $3,300.00 in rental charges for

hangar storage; $2,645.00 for insurance on the Aircraft; $10,335.08 for interest on the financing of the Aircraft; and over $2,000.00 in attorney's fees. Plaintiff also seeks exemplary damages.

## ANALYSIS

### *Subject-Matter Jurisdiction*

Plaintiff argues that diversity jurisdiction exists under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Here, there is no suggestion that the parties are not of diverse citizenship, so the only question is whether the jurisdiction amount is met. On this issue, the amount claimed in good faith by a plaintiff controls, and dismissal is only warranted if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Smith v. American General Life and Accident Insurance Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003). Here, the total amount of damages claimed is $75,053.07. While Defendant argues that the amount claimed is "suspiciously close" to the amount-in-controversy threshold, Defendant has not met his burden of showing to a legal certainty that this requirement is not met. Therefore, subject-matter jurisdiction is present under 28 U.S.C. § 1332(a).

### *Personal Jurisdiction*

When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff has the burden of demonstrating the existence of personal jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (*RAR*). When no evidentiary hearing is held, the plaintiff must make out a *prima facie* case for personal jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773,

2

782 (7th Cir. 2003). In determining whether that burden has been met, the court resolves all factual disputes in favor of the plaintiff. *Id.*

To determine the scope of a federal court's personal jurisdiction in a diversity case, the court must look to law of the forum state. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992). However, because the Illinois long-arm statute extends jurisdiction to the extent permitted under the Illinois and Federal Constitutions, which are coextensive, the analysis collapses into the question of whether the exercise of personal jurisdiction comports with the due process under the United States Constitution. *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008). Under that test, "the defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (*Hyatt*) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To meet this requirement, the defendant must have "purposefully established minimum contacts within the forum State." *Hyatt*, 302 F.3d at 716 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (*Burger King*)). The defendant's contacts must be such that he "should reasonably anticipate being haled into court in the forum State." *Hyatt*, 302 F.3d at 716 (citations and modifications omitted).

In this case, these requirements are met under the "effects doctrine." *See Huber v. House*, 2004 WL 3130618, at *4 (S.D. Ind. Dec. 7, 2004). Under the effects doctrine, "personal jurisdiction over a nonresident defendant is appropriate when the defendant's intentional tortious actions aimed at the forum state cause harm to a plaintiff in the forum state, and the defendant knows such harm is likely to be suffered." *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 788-90

3

(1984); *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997); *Indianapolis Colts, Inc. v. Metro. Baltimore Football Club*, 34 F.3d 410, 411 (7th Cir. 1994)). Here, Plaintiff alleges that Defendant fraudulently misrepresented the true condition of the Aircraft. Further, Plaintiff alleges that Defendant knew Plaintiff was an Illinois resident. Thus, assuming the truth of Plaintiff's allegations, Defendant knew that the loss resulting from his fraud would be suffered in Illinois. Thus, personal jurisdiction over Defendant is present. *See also Erwin v. Piscitello*, 627 F.Supp.2d 855 (E.D. Tenn. 2007) (holding personal jurisdiction present where Tennessee plaintiff alleged breach of contract, fraud and related claims against Texas defendant based on the sale of a car that was in poorer condition than promised).

*Venue*

Venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a). That test is met here. Plaintiff resided in this district and bid on the Aircraft in this district. The Aircraft was delivered to this district and is currently located in the district. Thus, venue is proper.

However, the Court has construed Defendant's *pro se* Answer as a motion to transfer venue pursuant to 28 U.S.C. § 1404. Under § 1404, the Court may transfer the case to any other district where it might have been brought "for the convenience of the parties and witnesses and in the interest of justice." 28 U.S.C. § 1404. Transfer is proper upon a showing that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice. *Moore v. Motor Coach Industries, Inc.*, 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007).

4

Here, venue is proper in both this district and the Eastern District of Tennessee, where Defendant resides. Thus, the issue comes down to the convenience of the parties and witnesses and the interest of justice.

In determining whether transfer is proper, the Court must consider the private interests of the parties as well as the public interest of the court. *Graham v. United Parcel Service*, 519 F. Supp. 2d 801, 809 (N.D. Ill. 2007) (*Graham*). The factors that are relevant to the parties' private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Id.*

A plaintiff's choice of forum, while generally entitled to substantial weight, is slightly less important here since Plaintiff no longer resides in the district. *See Graham*, 519 F. Supp. 2d at 809. That factor, for whatever weight it must now be afforded, weighs in favor of Illinois. The situs of material events is a neutral factor in this case. While Plaintiff bid for the Aircraft in Illinois, Defendant ran the auction from Tennessee. While the Aircraft is currently located in Illinois, Plaintiff traveled to Tennessee to retrieve the Aircraft. The convenience of the parties weighs in favor of Tennessee. Defendant resides in Tennessee. As mentioned above, neither party resides in Illinois. Finally, the convenience of the witnesses is essentially neutral. As tallied by Plaintiff, one witness resides in Illinois and one in Tennessee. Neither Illinois nor Tennessee is overwhelmingly more convenient for the remainder of the witnesses, who reside in New Mexico, California and North Carolina.

Finally, the factors relevant to the interest of justice include familiarity with applicable law and the effect of transfer on the efficient administration of justice. *Id.* The former factor is neutral here. The latter favors transfer to Tennessee. Considering the Defendant is *pro se*, the

5

Court finds that the case may proceed more efficiently closer to his residence. Furthermore, considering that Plaintiff has already conducted significant discovery in this case – discovery sufficient to support a motion for summary judgment – and has prosecuted that motion from New Mexico, the Court finds that Plaintiff will not be unfairly prejudiced by transferring the case out of Illinois.

Weighing all these factors, especially the convenience of the parties and the interest of justice, and considering both the Plaintiff no longer resides in Illinois and Defendant's *pro se* status, the Court finds that transfer to Tennessee is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of jurisdiction is denied. Defendant's motion to transfer is granted. Pursuant to 28 U.S.C. § 1404(a), the case is hereby transferred to the United States District Court for the Eastern District of Tennessee.

Dated: February 17, 2010

JOHN W. DARRAH
United States District Court Judge